# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 14, 2008

135581 & (72)(76)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SBC,
        Plaintiff-Appellee/
        Cross-Appellant,

v

J. T. CRAWFORD, INC.,
        Defendant-Appellant/
        Cross-Appellee,

and

HENKELS & MCCOY, INC.,
        Defendant.

SC: 135581
COA: 275334
Oakland CC: 2005-067918-NZ

_____/

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the November 27, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by the Court prior to the completion of the proceedings ordered by the Court of Appeals. The application for leave to appeal as cross-appellant is therefore moot and is DENIED.

CORRIGAN, J. *(dissenting)*.

I respectfully dissent from the order denying defendant's application for leave to appeal. I would grant leave to appeal because I believe that the Court of Appeals erred in its interpretation of the protection of underground utilities act, MCL 460.701 *et seq*. (commonly known as the MISS DIG act).

SBC sued general contractor defendant Henkels & McCoy, Inc. and subcontractor defendant J.T. Crawford, Inc., under the MISS DIG act, in this negligence and strict liability action. Consumers Energy contracted with an excavator, Henkels, to repair its underground gas lines at a site in Oakland County. On September 29, 2003, Henkels called the MISS DIG hotline and gave the location of its planned excavation. SBC's

representative apparently did not understand Henkels's request to locate SBC's underground utilities. Moreover, SBC's representative did not contact his supervisor for clarification. In any event, SBC's utility lines were not marked. Every other utility company properly marked their underground utilities at the excavation site.

On October 1, 2003, J.T. Crawford, Inc. quoted a price for pile driving to Henkels that specified "excavation" as "work by others." On October 9, 2003, defendant Henkels contracted with Crawford to perform pile driving operations. Crawford was to drive steel sheets into the ground to serve as retaining walls for Henkels's excavations.

Twenty days after notifying MISS DIG, on October 18, 2003, Henkels commenced operations by removing concrete, curbs, and pavement from the excavation site. Henkels also dug test holes to locate marked underground facilities. Two days later, Henkels placed its equipment on site and prepared for pile driving, which Crawford began on October 21, 2003. During its pile driving operations, Crawford transected SBC's unmarked telecommunications cables. On November 19, 2003, Henkels's supervisor e-mailed Crawford and clarified that "[w]e (Henkels & McCoy, Inc.) told J.T. Crawford that he did not have to make the one call (Miss Dig in Mi.) because we had already made the call." Henkels's supervisor concluded, "I certainly am not an attorney, but the company that is responsible for the damage to the lines is not J.T. Crawford but SBC and WOW."

Defendant Henkels settled with SBC. SBC's case proceeded against Crawford. Following discovery, SBC and Crawford filed cross-motions for summary disposition. The circuit court granted summary disposition in favor of Crawford. On appeal, the Court of Appeals reversed, concluding that the ticket issued by MISS DIG had already expired when Crawford began pile driving under MCL 460.705[1] and MCL 460.714.[2]

---

[1] MCL 460.705(1) provides, in relevant part:

[A] person or public agency responsible for excavating or tunneling operations, drilling or boring procedures, or discharge of explosives in a street, highway, other public place, a private easement for a public utility, or near the location of utility facilities on a customer's property, or telephone notice to the association as required in [MCL 460.707] of intent to excavate, tunnel, discharge explosives, or demolish at least 2 full working days, excluding Saturdays, Sundays, and holidays, but not more than 21 calendar days, before commencing the excavating, demolishing, discharging of explosives, tunneling operations, or drilling and boring procedures. Beginning on October 1, 1990, the notice required in this subsection shall be given at least 3 full working days, excluding Saturdays, Sundays, and holidays, but not more than 21 calendar days, before commencing the excavating, demolishing, discharging of explosives, tunneling operations, or drilling or boring procedures.

[2] MCL 460.714 provides:

The Court of Appeals remanded for further fact finding regarding whether competent evidence proved that the damage to SBC's telecommunications cables resulted from Crawford's pile driving. Crawford now seeks leave to appeal in this Court.

In my view, the Court of Appeals erred when it concluded that Crawford could not rely on Henkels's timely notice under the MISS DIG act, but instead that Crawford was itself required to notify SBC before it began pile driving. The plain language of MCL 460.705(1) does not support the Court of Appeals interpretation. "When interpreting statutes, our primary goal is to give effect to the intent of the Legislature." *Nastal v Henderson & Associates Investigations, Inc*, 471 Mich 712, 720 (2005). We review the language of the statute itself and give the words used by the Legislature their common and ordinary meaning. *Id*. "If the statutory language is unambiguous, we must presume that the Legislature intended the meaning it clearly expressed and further construction is neither required nor permitted." *Id*.

MCL 460.705(1) provides that "a person or public agency responsible for excavating or tunneling operations" must give notice of its intent to excavate "at least 3 full working days, excluding Saturdays, Sundays, and holidays, but not more than 21 calendar days before commencing" with excavation operations. Here, the person "responsible for the excavating or tunneling operation" was the excavator and general contractor, Henkels. To perform repairs on Consumers Energy's underground gas lines, Henkels oversaw an excavation operation. As one part of its larger excavation operation, Henkels subcontracted with Crawford to perform pile driving.

Under the plain language of MCL 460.705(1), only the responsible party is required to furnish notice. As the Court of Appeals interpreted the statute, however, even those parties not responsible for the overall operation, including various subcontractors like Crawford, also must give notice. This reading injects additional language into the statute, namely that "[a] person or public agency responsible for excavating or tunneling operations *or responsible for any related work therein*" must provide notice before beginning work to guard against liability. The Legislature clearly expressed that only "[a] person or public agency" responsible for the excavation operation, and not that every "person or public agency" somewhat responsible for any part of the operation must give

In a civil action in a court of this state, when it is shown by competent evidence that damage to the underground facilities of a public utility resulted from excavating, tunneling, drilling or boring procedures, or demolishing operations, or the discharge of explosives, as described in [MCL 460.703] and that the person responsible for giving the notice of intent to excavate, tunnel, demolish, or discharge explosives failed to give the notice, or the person did not employ hand-digging or failed to provide support, the person shall be liable for the resulting damage to the underground facilities, but the liability for damages shall be reduced in proportion to the negligence of the public utility if it fails to comply with [MCL 460.708].

notice. The Court of Appeals erred by failing to give effect to the unambiguous statutory language as written.

My view is consistent with a recent case construing the MISS DIG act. United States District Court Judge Gordon Quist also concluded that only the responsible party must furnish notice under the MISS DIG act. *Amoco Pipeline Co v Herman Drainage Systems, Inc,* 212 F Supp 2d 710, 718 (WD Mich, 2002). "Requiring the person actually performing the excavation to notify MISS-DIG thus provides certainty because there can be no question among several possible parties about who should give the notice." *Id.* Judge Quist reasoned, "The fact that one person may provide notice and another person may perform the excavating does not persuade this Court that someone other than the person (be it an individual, a corporation, etc.) responsible for performing the excavation is responsible for giving the notice." *Id.*

The Court of Appeals further erred when it determined that the MISS DIG ticket issued to Henkels on September 29, 2003, had expired when Crawford began pile driving on October 21, 2003. The Court of Appeals wrongly looked to the time that Crawford began pile driving, and not when Henkels began to prepare the excavation site. Giving the word "commence" its plain and ordinary meaning, the Court of Appeals noted that the ordinary definition of "commence" is "to begin; start." *The American Heritage Dictionary* (2006). Similarly, the Court of Appeals defined "begin" as "to take the first step in performing an action." On the basis of these definitions, the Court of Appeals stated, "we believe the first step in performing the action of pile driving occurs when a pile enters the ground." *SBC v J T Crawford, Inc*, unpublished opinion per curiam of the Court of Appeals, issued November 27, 2007 (Docket No. 275334) p 6. Of course, pile driving commences when a pile is driven into the ground. But the Court of Appeals misconstrued the statutory language. The true question under the statute is when does the excavation operation begin, not when various parts of the operation are undertaken.

The Court of Appeals reading ignores the pertinent facts. The excavation operation was underway when Crawford began pile driving. Giving effect to the plain meaning of the word "commence" necessitates that we look back to the actual first step in performing the overall excavation. The first step of the excavation operation occurred on October 18, 2003, when Henkels began removing curbs and pavement. Because the removal of curbs and pavement was the true "commencing" of the excavation, 21 days had not elapsed between when the MISS DIG ticket was issued on September 29, 2003, and when Henkels commenced the excavation operation on October 18, 2003.

Because the notice requirements under the MISS DIG act were met, the Court of Appeals should not have remanded for further factual determinations regarding whether the damage to SBC's lines resulted from Crawford's pile driving. Because the trial court

properly interpreted the statute, I would grant Crawford's application for leave to appeal and reinstate the trial court's decision granting summary disposition to Crawford.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 14, 2008

_____
Clerk

s1110